STATE OF VERMONT

SUPERIOR COURT
Addison Unit

CIVIL DIVISION
Docket No. 183-8-19 Ancv

EDWARD PEET

v.

TOWN OF CORNWALL



## DECISION

### Town of Cornwall's Motion for Summary Judgment (Motion #1)

Edward Peet claims that the Town of Cornwall ("Town") failed to hear his grievance related to a change it made to his 2016-2017 tax assessment. He also claims that the Town failed to honor a Town lister's statement that his 2016-2017 grievance could be resolved together with his 2017-2018 grievance. Mr. Peet requests that the court: (1) issue a declaratory judgment that he has not waived his right to appeal the Town's 2016-2017 current use tax assessment; and (2) review the Town's failure to reschedule the 2016-2017 grievance hearing. The Town moved for summary judgment, arguing that Mr. Peet's lawsuit is untimely and without legal basis.

For the reasons set forth below, the court denies the Town's motion, concludes that Mr. Peet is entitled to summary judgment, and remands the case to the Town for a grievance hearing.

### Facts

The facts about events are undisputed. As discussed below, there are disputes about how those facts relate to applicable legal standards. Based on the parties' filings the following facts are undisputed:

Mr. Peet owns real property in Cornwall, Vermont, a portion of which is enrolled in the current use program. The Town issued a tax bill based on the 2016-2017 tax assessment. Then the Town changed the assessment based on a change it made related to current use acreage. The Town sent Mr. Peet a formal Notice to Taxpayer which specified the right to appeal, how to do so, and that grievance hearings would be held on January 20, 2017 at 10:00 AM at the Town office.[1] The Town also informed Mr. Peet of his right to grieve the change in a January 11, 2017 letter, which also specified that he had the right to grieve by filing a written notice and that "the Formal Grievance Hearing is at 10:00 AM on the 20th." In a January 18, 2017 letter, Mr. Peet's attorney referenced the Town's January 11th correspondence and informed the Town that he

---

[1] Based on its change, the Town also sent a revised tax bill in a higher amount, which Mr. Peet paid.

planned to pursue grievance and would attend the January 20 hearing. The Town's January 11 letter specified that the change related to "changes in the acreage that is exempted."

On January 20, 2017, at the scheduled time and place for the grievance, only one lister was present at the Town office. There was no quorum and no grievance hearing was held. Mr. Peet was present for the hearing and spoke with Susan Burdick, the one lister present. Mr. Peet attests that Ms. Burdick told him he could resolve his 2016-2017 grievance through the 2017-2018 grievance process, as he had also grieved his 2017-2018 assessment. On February 10, 2017 Mr. Peet's attorney sent a letter to the Town regarding the 2016-2017 grievance in which he addressed future scheduling of the 2016-2017 grievance due to upcoming vacations. No continued grievance hearing was scheduled by the Town for the 2016-17 year.

On September 18, 2018, the two listers and four members of the Town Selectboard certified in a Certificate attested by the Town Clerk that for the 2016 Grand List, "there are no appeals pending from the action of the listers . . ." Such a certification, if true, is required by 32 V.S.A. §4155. At that time, there had been no grievance hearing scheduled or held and Mr. Peet's 2016-2017 grievance had not been resolved through the 2017-2018 grievance and appeal process.

The parties mediated and settled the 2017-2018 appeal. The terms of both a signed Settlement Agreement and Final Stipulation specified only the 2017-2018 and ensuing two tax years. See *Edward Peet v. Town of Cornwall*, No. 171-10-17 Ancv (Vt. Super. Ct. May 20, 2019) (Final Stipulation and Order). The terms did not include resolution of the 2016-2017 outstanding grievance.

Mr. Peet filed this action on September 5, 2019 seeking to establish his right to pursue grievance on the 2016-2017 change. The action is brought pursuant to V.R.C.P. Rule 75 seeking review of governmental action. Mr. Peet claims deprivation of statutory and constitutional rights of due process. The Town seeks summary judgment on five bases described below.

## Analysis

The Town first argues that Mr. Peet did not properly perfect his appeal pursuant to statutory requirements. Second, it argues Mr. Peet did not exhaust administrative appeal avenues. Third, it claims that the Rule 75 claim was not timely filed. Fourth, it argues Mr. Peet unreasonably relied on his conversation with Ms. Burdick, and as a single lister she could not have bound the Town. Finally, the Town argues Mr. Peet is estopped from pursuing this lawsuit because of the parties' settlement agreement that resulted in the final order in the 2017-2018 case. Mr. Peet opposes the Town's arguments and asserts that the Town's failure to hold a grievance hearing deprives him of due process rights.

A property owner has a statutory right to grieve a property tax assessment and have a hearing before the Town's Board of Listers, and the Listers have a statutory obligation to hear

2

the taxpayer's objections. The right is triggered by filing a timely written objection. 32 V.S.A. § 4222. If still grieved after hearing and determination by the Board of Listers, a taxpayer may then appeal to the Board of Civil Authority. 32 V.S.A. §§ 4403-4404.[2]

*Town's claim of failure to perfect grievance right*

32 V.S.A. § 4222 states:

> The listers shall meet . . . to hear all persons aggrieved as aforesaid who have filed their objections in writing; and . . . shall hear those appearing in person or by agents or attorneys until all such objections have been heard and considered. All objections filed in writing with the Board of listers at or prior to the time fixed for hearing appeals shall be determined by the Board . . . and proper notification of the listers determination shall be sent to the taxpayer.

The Town argues that Mr. Peet did not file his objections in writing with the Board of Listers prior to the January 20 hearing, and that when a statute requires a specific act then that act is mandatory, relying on *Vt. Golf Ass'n v. Dep't of Taxes*, 2012 VT 68, ¶ 9, 192 Vt. 224. In a residential property tax appeal, the Vermont Supreme Court determined that the listers' hearing notes indicating a taxpayer's grievances satisfied § 4222's writing requirement. *Gionet v. Goshen*, 152 Vt. 451, 456 (1989).

In this case there was a written objection. Mr. Peet's attorney sent a letter on January 18 in response to the January 11 change in assessment stating that Mr. Peet intended to grieve the tax assessment at the January 20 hearing. Mr. Peet's letter referred to the Town's January 11 letter, which specifically stated that the change in assessment was due to a change in acreage exempted from the current use plan. The January 18 letter, with its reference to the Town's own January 11 correspondence, provided sufficient notice to the Town in writing as the basis for the objection and grievance. There could be no question as to the issue on which Mr. Peet sought a hearing.

Additionally, the Town argues that the record does not show that Mr. Peet filed written objections on January 20, but he was not required to do so. He had already filed a sufficient written objection, and January 20 was the date for a hearing which did not take place due to the Listers' failure to hold it.

The Town is not entitled to summary judgment on this ground. The January 18 letter satisfies § 4222's requirement that an aggrieved taxpayer must file his objections in writing prior to or at the hearing because the letter indicated that Mr. Peet objected to the change in exempt acreage and referenced the Town's letter stating the reason for the change in assessment.

---

[2] The Superior Court considers an appeal from a Board of Listers' determination pursuant to Rule 74. Here the Board of Listers did not act, and this case was filed pursuant to Rule 75, not Rule 74.

3

*Town's claim of failure to exhaust*

The Town next argues that it is entitled to summary judgment because Mr. Peet did not exhaust his administrative remedies. The Town argues that Mr. Peet did not appeal to the Board of Civil Authority before filing this suit and that because he did not do so, he does not have a claim subject to court review.

The Town relies on a Division of Property Valuation and Review rule, which states: "[t]he board of civil authority shall hear an appeal filed within a reasonable time if action of the listers has prevented the taxpayer from filing a timely appeal." Division of Property Valuation and Review Rule 82-1 § (32)4404(a)-1. In this case, there was no action by the Board of Listers.

Moreover, the rules also require the Board of Listers to "determine the appeals of all persons who have filed their objections in writing. . . ." *Id.* § (32)4222-1. These rules echo the statutory mandate: the Board of Listers "*shall* hear those appearing in person or by agents or attorneys *until all such objections have been heard and considered.* All objections filed in writing with the Board of listers at or prior to the time fixed for hearing appeals *shall* be determined by the Board . . . and proper notification of the listers determination shall be sent to the taxpayer." 32 V.S.A. § 4222 (emphasis added). The Board of Listers' obligation to hear objections is mandatory, not permissive.

Because Mr. Peet objected in writing, the Town's Board of Listers should have heard his grievance. The Town seeks to shift the burden of pursuing his appeal to Mr. Peet. It was, however, the Town's burden to reschedule the hearing. The Board of Listers has no authority to decline to hold a hearing or simply fail to hold a hearing. It is obliged to hold a hearing by statute. It cannot shift to the taxpayer the obligation to pursue the Town to make sure a hearing is held.

There may be situations when a taxpayer abandons an appeal. That is not what happened in this case. The facts are clear that Mr. Peet's attorney followed up after January 20th with the letter of February 10th pursuing scheduling of a grievance hearing. It was the Board of Listers that failed to hold its own scheduled hearing on January 20, 2017, and never rescheduled the hearing it failed to hold. The Town is not entitled to fail to have a hearing and then claim that it was the taxpayer who failed to exhaust administrative procedures. The Town is not entitled to summary judgment on this ground.

*Town's claim that the Rule 75 petition is untimely*

Rule 75 provides as follows:

The time within which review may be sought shall be as provided by statute, except that if no time limit is specified by statute, the complaint shall be filed

4

within 30 days after notice of any action or refusal to act of which review is sought unless the court enlarges the time in accordance with Rule 6(b), and, in the event of a failure to act, within six months after expiration of the time in which action should reasonably have occurred. . . .

V.R.C.P. 75(c). The Town argues that because Mr. Peet filed suit two and a half years after February 10, 2017 (when his attorney sent the letter to the Town regarding his current use grievance), and nearly one year after the Town certified its grand list indicating no remaining 2016-2017 appeals, the lawsuit is untimely .

However, the Town's failure to act was not clear until May 20, 2019, when the court incorporated the parties' settlement agreement as to Mr. Peet's 2017-2018 tax assessment grievance into its final order without addressing the 2016-2017 grievance. There is no indication that Mr. Peet knew, or had any reason to know, of the Town's action in September of 2018 certifying that there were no pending appeals, so it is not reasonable to impose on a taxpayer a deadline measured from that date.

As of May 20, 2019, it had become clear that the Town was not going to schedule a hearing on the 2016-2017 grievance. Mr. Peet's September 5, 2019 complaint was filed less than six months later. Furthermore, the six month time period in Rule 75 is not jurisdictional. *Alger v. Dep't of Labor & Indus.*, 2006 VT 115, ¶ 14, 181 Vt. 309. Mr. Peet timely filed this action, and the Town is therefore not entitled to summary judgment on its argument that this Rule 75 claim must be dismissed as untimely.

*Town's claim of no basis to rely on Lister Burdick's representation*

Next, the Town argues that it is entitled to summary judgment because the administrative record does not support Mr. Peet's assertion that Town Lister Burdick discussed resolving his 2016-2017 grievance together with his 2017-2018 grievance. Yet, "[t]here is no formal provision in the rule for filing the record, because many of the agencies reviewed may make no record as such." Reporter's Notes, V.R.C.P. 75. Rule 75 review is not limited to the record if the parties rely on something outside of the record, as Mr. Peet did here since the statement was apparently made during an informal conversation that took place when the hearing was supposed to happen but did not. Further, it is unreasonable to limit the court's review to the record considering that the claim concerns a hearing that did not occur and thus does not have a record. The court concludes that it is not limited to the record and may consider Mr. Peet's affidavit and verified statements therein.

In a related argument, the Town argues that even if Ms. Burdick discussed Mr. Peet's 2016-2017 grievance as he asserts, the Town cannot be bound by it because listers act as a board, and one lister may not bind the Board of Listers. Whether Town lister Burdick bound the Town in her conversation with Mr. Peet is immaterial because the essential fact is that the Board of Listers never held a hearing or any opportunity at all to consider Mr. Peet's 2016-2017 grievance

5

and it was mandated by statute to do so. It does not actually matter whether Mr. Peet relied on his conversation with one lister. Consequently, the Town is not entitled to summary judgment on its argument that Mr. Peet was not entitled to rely on such a conversation.

*Town's claim of estoppel based on settlement of 2017-2018 appeal*

The parties dispute whether Mr. Peet is estopped from his sought remedies considering that they settled as to Mr. Peet's 2017-2018 grievance. Mr. Peet agrees that the settlement agreement and subsequent final order have no precedential value for his 2016-2017 grievance, but argues that he should still have the chance to present evidence regarding his objection to the 2016-2017 change. The Town argues that it entered the settlement agreement with the belief that it was comprehensive and settled all outstanding "understandings and discussions" (though there is no reference in the Stipulation or Order to the 2016-2017 grievance), that the four elements of estoppel are present here, and that thus Mr. Peet should be estopped from claiming a right to have his grievance heard.

Estoppel is grounded in "public policy, fair dealing, good faith, and justice. . . ." *Fisher v. Poole*, 142 Vt. 162, 168 (1982). When considering an estoppel claim, the party seeking to apply estoppel has the burden of establishing its four elements:

> first, the party to be estopped must know the facts; second, the party being estopped must intend that his conduct shall be acted upon or the acts must be such that the party asserting the estoppel has a right to believe it is so intended; third, the latter must be ignorant of the true facts; and finally, the party asserting the estoppel must rely on the conduct of the party to be estopped to his detriment.

*Id.* (citations omitted). Here, Mr. Peet knew of his conversation with Town lister Burdick and presumably knew that the 2017-2018 settlement did not address the 2016-2017 grievance, so the first element is met. The facts presented with the summary judgment filings do not establish whether the remaining three elements have been met. Neither the Settlement Agreement that resulted from mediation nor the Stipulation and Final Order referred to the 2016-2017 assessment, and specifically referred only to the 2017-2018 assessment and subsequent years. Moreover, public policy requires the Town to fulfill its statutory duty to resolve tax grievances, and the undisputed facts show that the Town never provided a hearing on the 2016-2017 grievance. Thus, the Town is not entitled to estop Mr. Peet from asserting his statutory right to a grievance hearing regarding his 2016-2017 tax assessment.

*Mr. Peet's claims of deprivation of constitutional rights*

Finally, Mr. Peet argues that the Town deprived him of due process. He argues that when the Town failed to reschedule the grievance hearing it deprived him of his property rights pursuant to the Fourteenth Amendment of the United States Constitution and Articles 4 and 10 of the Vermont Constitution.

Because Mr. Peet has shown that there is a statutory basis for his claims, as described above, there is no need to address his constitutional arguments.

## Summary

For the reasons set forth above, the Town's Motion for Summary Judgment is *denied*.

While Mr. Peet did not file a cross motion for summary judgment, he did seek a declaration that he had not waived his right to a grievance hearing, which is tantamount to a request for summary judgment in his favor. The facts are undisputed, and the Town had full opportunity to address Mr. Peet's legal arguments that he remains entitled to a grievance hearing. Therefore, the court grants summary judgment to Mr. Peet on his request for a declaration that he is entitled to a grievance hearing on the change in his assessment in the 2016-2017 tax year.

## ORDER

For the reasons set forth above, the matter is remanded to the Town of Cornwall for the Board of Listers to conduct a grievance hearing on the change in the assessment in the 2016-2017 tax year referenced in the January 11, 2017 Notice to Taxpayer and letter to Mr. Peet.

Dated this 12th day of June, 2020.

Mary Miles Teachout
Superior Judge

7